UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY MATHIS,

    Petitioner,

vs.

Case No. 06-CV-10359
HON. GEORGE CARAM STEEH

NICK J. LUDWIG,

    Respondent.

_____/

## ORDER ACCEPTING MAY 30, 2008 REPORT AND RECOMMENDATION (# 20) DISMISSING PETITION FOR HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Courtney Mathis, a state prisoner appearing pro per, filed a petition for habeas corpus with the court on January 26, 2006. Following a May 17, 2002 plea of nolo contendere in state court to one count of first degree criminal sexual conduct (CSC), M.C.L. § 750.520b, petitioner's plea was entered pursuant to a plea agreement in which the prosecutor agreed to a 10-20 year sentence of imprisonment and the dismissal of four other CSC charges. Petitioner's pre-sentencing motion to withdraw his plea was denied, and petitioner was sentenced to 10-20 years imprisonment. Petitioner filed the instant petition for habeas corpus relief raising four claims: (1) actual innocence; (2) ineffective assistance of trial counsel; (3) failure of the Michigan trial court to comply with M.C.R. 6.302; and (4) failure of the prosecutor to turn over exculpatory evidence. The matter was referred to Magistrate Judge Paul Komives, who issued a 26-page Report and Recommendation on May 30, 2008 recommending that the court dismiss the petition.

Magistrate Judge Komives finds that: petitioner's claim of actual innocence does not present a cognizable basis for federal habeas relief, particularly in the absence of evidentiary support for the claim; trial counsel was not ineffective in calculating the sentencing guideline range and advising petitioner to plead to the 10-20 year sentence; any failure of the state trial court to comply with M.C.R. 6.302 does not present a cognizable basis for federal habeas relief given the voluntary and intelligent nature of petitioner's plea; and inter alia petitioner cannot show that the information in a videotape in the prosecution's possession contained exculpatory or material information.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Petitioner has not filed timely objections. The court has reviewed the Report and Recommendation and is in agreement with its reasoning. Accordingly,

IT IS ORDERED that the Magistrate Judge's May 30, 2008 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court. Courtney Mathis' petition for a writ of habeas corpus is hereby DISMISSED.

### Certificate of Appealability

Before petitioner can appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a certificate

of appealability is hereby DENIED.

SO ORDERED.

Dated: July 23, 2008

>s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 23, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk